TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Christine McGee*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine McGee f/k/a Christine Timpanaro, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NCC Business Systems, Inc., a Florida corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, CHRISTINE MCGEE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is NCC Business Systems, Inc., which is a Florida corporation that maintains its registered agent in the City of Phoenix, in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect two consumer type debts allegedly owed to Vue Park West. The Debt with client reference number 2602794 is in the amount of $5,349.79, and the Debt with client reference number 2602793 is in the amount of $500.00 (the "Debts").

6. On January 2, 2014, Plaintiff filed Chapter 13 Bankruptcy.

7. On March 31, 2014, the court confirmed Ms. McGee's Chapter 13 Bankruptcy filing.

8. On or about February 22, 2016, Defendant sent Ms. McGee a letter, attempting to collect the alleged Debts.

9. On or about March 7, 2016, Ms. McGee's bankruptcy attorney sent Defendant a letter, stating that it represented Ms. McGee in her bankruptcy. It further stated that Defendant's attempt to collect the Debts violated the United States Bankruptcy code and continued efforts to collect the Debts could result in Court-ordered sanctions.

10. On or about September 29, 2016, Defendant sent Ms. McGee two letters, attempting to collect the alleged Debts. The letters stated, "Please find enclosed detailed information to substantiate the debt" and also stated that the communication was an attempt to collect a debt. Defendant attached an account ledger and a final account statement to its letters.

11. On or about November 7, 2016, Ms. McGee's bankruptcy attorney sent another letter to Defendant, reiterated that Ms. Mcgee filed for bankruptcy, and again stated that Defendant's attempts to collect the Debts were in violation of the United States Bankruptcy code.

# COUNT I-VIOLATION OF

# THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692c(a)(2) by communicating with the consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's contact information. Defendant did this when it sent Ms. McGee two letters dated September 29, 2016, attempting to collect the alleged Debts, despite previously receiving correspondence from Ms. McGee's bankruptcy attorney stating that it represented her.

    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it attempted to collect the alleged Debts from Ms. McGee that were included in her Chapter 13 Bankruptcy.

    c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it sent Ms. McGee multiple letters attempting to collect the Debts, even though they were included in her Chapter 13 Bankruptcy.

17. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

    a. Actual damages;

    b. Statutory damages; and

    c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  November 18, 2016

                                                KENT LAW OFFICES

                                          By:  */s/  Trinette G. Kent*
                                          Trinette G. Kent
                                          Attorneys for Plaintiff,
                                          Christine McGee